**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN SANCHEZ-MARTINEZ, | No. 16-73247 |
| Petitioner, | Agency No. A095-750-384 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:     McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Juan Sanchez-Martinez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and we review for substantial evidence the agency's factual findings. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's conclusion that Sanchez-Martinez did not establish extraordinary circumstances excusing the delay in filing his asylum application because the underlying facts are disputed. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) (court lacked jurisdiction to review petitioner's challenge to the agency's extraordinary circumstances determination because it rested on an underlying factual dispute). Sanchez-Martinez's contentions that the agency applied the incorrect legal standard to the extraordinary circumstances claim or ignored facts in conducting its analysis fail as unsupported by the record. *See Gasparyan*, 707 F.3d at 1134-35; *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

Substantial evidence supports the agency's determination that the harm Sanchez-Martinez suffered does not rise to the level of persecution. *See Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir. 2007) (persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)); *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (the court "look[s] at the totality of the circumstances in

2                                                                              16-73247

deciding whether a finding of persecution is compelled"); *see also Hernandez–Ortiz v. Gonzales*, 496 F.3d 1042, 1045-46 (9th Cir. 2007) (the petitioner's age at the time of the past harm must be considered in the rise to the level analysis). Substantial evidence also supports the agency's determination that Sanchez-Martinez failed to establish a clear probability of future persecution because he did not demonstrate that he could not reasonably relocate within Mexico. *See* 8 C.F.R. § 1208.16(b)(2)-(3). Thus, Sanchez-Martinez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Sanchez-Martinez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**